**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MAURICE GLOVER,

*Plaintiff*,

CASE NO. 20-10313
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

v.

LEE A. THOMPSON,
UNITED STATESPOSTAL SERVICE,
and MEGAN J. BRENNAN,

*Defendants*.
_______________________________________/

**REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS THE COMPLAINT IN PART**

## I. Recommendation

*Pro se* Plaintiff Maurice L. Glover filed this suit alleging that Defendants United States Postal Service, Postmaster General Megan J. Brennan, and District Manager Lee A. Thompson destroyed legal filing that he had mailed to a state court. (ECF No. 1, PageID.6.) Because Plaintiff proceeds *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915. (ECF No. 2.) For the reasons that follow, I **RECOMMEND DISMISSING IN PART** the complaint. If the recommendation is followed, the disposition will entail:

- dismissing the tort claim against the United States Postal Service; and
- dismissing the breach of contract and public trust, First Amendment, and Equal Protection claims against all Defendants.

The claims going forward are the Due Process claim against all Defendants and the tort claim against Defendants Brennan and Thompson.

## II. Report

### A. Factual and Procedural Background

Plaintiff is a prisoner at the Carson City Correctional Facility. (ECF No. 1, PageID.2.) Presently, he is seeking to overturn a state court criminal conviction. (*Id.*) As part of that process, he attempted to send "sensitive legal documents" consisting of his motion for reconsideration to the state court and the prosecutor. (*Id.*, PageID.2, 6.)

His misfortune, he claims, was trusting Defendant United States Postal Services with this important delivery. (*Id.*, PageID.3-4.) Postal employees, he explains, need "strong, enduring, deep devotion" manifested through alertness and careful thinking if they are to carry out their duties and "to resist moral decay and survive against external aggression" and maintain the "good moral standards and values[] the U.S. Postal Service prides itself on." (*Id.*, PageID.4-5.) This is especially true, he observes, in his case, which involved clearly marked legal documents being sent to a court. (*Id.*, PageID.5.)

Unfortunately, Defendants "failed to and/or neglected to maintain good moral standard and values" when it came to his mailings. (*Id.*) According to his allegations and a letter he attaches to the complaint, because his mail was damaged in transit, it was shunted to a Recovery Center in Atlanta where it was deemed to be worth less than $25 and destroyed; had it been worth more than that amount, Plaintiff would have been notified and had 90 days to recover his items. (*Id.*, PageID.6-8, 13.) Defendant Lee Thompson, the District Manager at the Detroit Postal branch, wrote Plaintiff a letter explaining this

unfortunate state of affairs (except without mention of whether Plaintiff was notified before the destruction of his mail) and hoped the state court would give him extra time to resend his filings. (*Id.*, PageID.13.) Also attached is an earlier letter from the state court noting that it had never received his motion, an opinion had issued, and the case had concluded in the intermediate appellate court. (*Id.*, PageID.15.)

The complaint names the Postal Service, Brennan, and Thompson; the latter two are sued in their individual and official capacities. (*Id.*, PageID.3.) Although the precise claims Plaintiff seeks to assert are unclear, his complaint features various legal terms and concepts, including negligence, "material breach of contract/ of public trust," "unfair discrimination practices" in violation of the Postal Service's policy, the First Amendment, due process, and equal protection. (*Id.*, PageID.1-2, 5-6.)

**B. Analysis**

**1. Legal Standards**

Plaintiff is proceeding IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. See *Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)

(quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to sua sponte review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In addition to the statutory screening standards, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 456, 465 (6th Cir. 2009).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to

"raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

**2. Application**

Much of Plaintiff's case should be dismissed. To begin, with regard to his tort claims against the Postal Service, he has named the wrong party. The Federal Tort Claims Act (FTCA) waives the government's sovereign immunity for

> claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). When a claim is cognizable under § 1346(b)(1), the remedy that statute provides is exclusive and the claim lies only against the United States, not a federal agency, regardless of any other authority permitting the agency to sue or be sued in its own name. 28 U.S.C. § 2679(a). "Thus, if a suit is 'cognizable' under § 1346(b) of the FCTA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name[.]'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).

"Failure to name the United States in an FTCA suit results in a fatal lack of jurisdiction." *Parafina v. U.S. Postal Service*, 2012 WL 3030165, at *4 (E.D. Mich. July 24, 2012) (quoting *Allgeier v. U.S.*, 909 F.2d 869, 871 (6th Cir. 1990)). Here, Plaintiff's failure to name the United States as defendant regarding the state-law torts cognizable

under § 1346(b)—negligence is the only one he names and develops in any comprehendible fashion—is fatal to the Court's jurisdiction over the these claims against the postal service.

Those claims also fail because the Postal Service is immune from suit. "[T]he Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006). The FTCA provision quoted above provides such a waiver. *Id.* However, this waiver does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(a). "As a consequence, the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *Dolan*, 546 U.S. at 485. Thus, courts hold that tort claims concerning lost or destroyed mail, including that sent by prisoners, are barred by sovereign immunity. *See, e.g.*, *Parafina*, 2012 WL 3030165, at *5.

Here, Plaintiff purports to levy a tort claim against the Postal Service. (ECF No. 1, PageID.1, 5.) Assuming that the FTCA waiver of immunity would otherwise apply, the claim would fall within the exception to that waiver because his claim centers on the loss of postal matter. This is true even though he contends that the Postal Service purposefully disposed of his damaged mail. *See generally Dolan*, 546 U.S. at 489 ("We think it more likely that Congress intended to retain immunity . . . for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in a damaged condition, or at the wrong address."); *cf. Levasseur v. U.S. Postal Serv.*, 543 F.3d 23, 24 (1st Cir. 2008) ("[M]ail that is stolen by a postal employee is thereby 'lost' from the postal system" for purposes of § 2680(b).). Thus, the claim is barred by the Postal Service's immunity under § 2680(b).

At this point, I recommend allowing the tort claim against Thompson and Brennan to go forward. Because the case is at the screening stage, the Attorney General has not certified under 28 U.S.C. § 2679(d)(1) that Thompson and Brennan were acting within the scope of their employment, such that the United States would be substituted as the proper party defendant. *Cf. Winkelman v. Doe*, 2007 WL 1805592, at *3-4 (E.D. Ky. June 22, 2007) (noting that the immunity retained by the United States imperiled claims against Postal Service employees, but declining to dismiss the claims until the Attorney General submitted the certification). After any such certification, the grounds for dismissal would be clearer.

In addition to the above, I suggest that certain other claims be dismissed against all Defendants. The first is for breach of contract, which is not covered by the exception to the FTCA's waiver of immunity, as the Postal Service can "sue and be sued in its official name." 39 U.S.C. § 401(1); *see also Willett v. Morrice Post Office*, 2005 WL 1981302, at *3 (E.D. Mich. Aug. 16, 2005) (citing § 401 and stating, "If Plaintiff is alleging that Defendant [Post Office] breached a contract to provide insurance coverage, Plaintiff's claim is not barred by sovereign immunity"). To prevail on a breach of contract claim in Michigan, a plaintiff must show "(1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178 (2014).

Although Plaintiff references "material breach of contract/ of public trust," in the complaint caption, he fails to develop this claim in the body of his complaint. (ECF No. 1, PageID.1.) He does not, for example, expressly assert the existence of a contract with

Defendants. And even if a contract can be inferred from the fact of his mailing, he has not disclosed the relevant contractual provisions. Without those, it is impossible to determine that the contract was breached.[1] Consequently, Plaintiff has failed to state a claim for breach of contract. As for the breach of "public trust," also tacked onto the caption, Plaintiff does not reference—nor have I discovered—any associated legal doctrine or rule providing him a private cause of action, and thus he has failed to make an independent claim regarding it.[2]

Plaintiff similarly fails to state a claim for violation of his First Amendment right of free speech. The most he says about this claim is that the Postal Service's damaged-mail policy "denied his First Amendment right to speak out against injustices." (ECF No. 1, PageID.6.) It is true that the use of the mail implicates First Amendment rights. As the Supreme Court has observed, "The United States may give up the Post Office when it sees fit, but while it carries it on the use of the mails is almost as much a part of free speech as the right to use our tongues." *Blount v. Rizzi*, 400 U.S. 410, 416 (1971) (quoting *U.S. ex rel Milwaukee Social Democratic Pub. Co. v. Burleson*, 255 U.S. 407, 437 (1921) (Holmes, J., dissenting)). The government can "impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions 'are justified without reference to the

[1] Indeed, it seems unlikely any contract he entered would have prohibited Defendants from executing the provisions of its official policy regarding damaged mail.

[2] The Michigan Constitution refers to breaches of public trust in relation to bars on holding public office, but none would be relevant here. *See Paquin v. City of St. Ignace*, 504 Mich. 161, 130 (2019) (discussing Mich. Const. 1963, art. 11, § 8); *People v. Smith*, 502 Mich. 624, 644 (2018) (Viviano, J., plurality op.) (discussing Mich. Const. 1963, art 4, § 7). Also, Michigan courts have recognized a public trust doctrine under which the State serves as a trustee of public rights to certain natural resources. *See Glass v. Goeckel*, 473 Mich. 667, 678-679 (2005). That doctrine has nothing to do with the present case.

content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.'" *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (citation omitted).

Assuming that the damaged-mail policy constitutes such a restriction, Plaintiff has still failed to state a claim because the policy, as it appears in his complaint, is not unreasonable. First, it is content neutral, applying to damaged mail of all stripes and views. Second, it serves a compelling interest in conserving the Postal Services resources by saving it from undertaking efforts to repair or return damaged mail that would cost more than the mail is worth and it is limited to mail valued at less than $25. *Cf. U.S. Postal Service v. Council of Greenburgh Civic Assoc.*, 453 U.S. 114, 135 (1981) (Brennan, J., concurring) (concluding that a statute imposing fines for placing non-postmarked mail in a mailbox served the compelling governmental interest of "preventing loss of mail revenues"). Third, Plaintiff had "ample alternative channels." Indeed, the policy covered only a single instance of damaged mail, leaving open Plaintiff's right to send additional mailings. For these reasons, the policy as stated in the complaint was not an unreasonable restriction on Plaintiff's speech and therefore he has failed to state a First Amendment claim.

Finally, Plaintiff has failed to state an equal protection claim. It appears this claim is premised on his observation that "prisoners have no other means of getting their sensitive legal documents across the thresholds of the Courts, <u>but through the U.S. Postal Service</u>[.] Therefore, this court should agree with Plaintiff that the U.S. Postal Services damaged

Package Policy, Custom or Practice fails to protect the rights of its incarcerated citizens." (ECF No. 1, PageID.7.)

Equal Protection claims against the federal government under the Fifth Amendment are evaluated the same as "equal protection claims against state and local governments under the Fourteenth Amendment." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). "To assert a Fourteenth Amendment equal protection claim, a plaintiff must prove that a state actor purposefully discriminated against him because of his membership in a protected class." *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003). Here, Plaintiff's claim fails because "prisoners are not members of a protected class for equal protection purposes." *McGaughy v. Johnson*, 63 F. App'x 177, 178 (6th Cir. 2003). In addition, Plaintiff has failed to allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," such that he comprises a "class of one." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

**C. Conclusion**

For the reasons above, I **RECOMMEND DISMISSING IN PART** the complaint. If the recommendation is followed, the disposition will entail:

- dismissing the tort claim against the United States Postal Service; and
- dismissing the breach of contract and public trust, Due Process First Amendment, and Equal Protection claims against all Defendants.

The surviving claims are the Due Process claim against all Defendants and the tort claim against Defendants Brennan and Thompson.

## III. **REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 24, 2020

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Maurice Glover #981810 at Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

Date: March 24, 2020

By s/ Kristen Castaneda
Case Manager