UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAURICE GLOVER,

        Plaintiff,

v                                                     Case No. 20-10313
                                                     Honorable Thomas L. Ludington

LEE A. THOMPSON,
UNITED STATES POSTAL SERVICE,
MEGAN J. BRENNAN,

        Defendant.
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DISMISSING PLAINTIFF'S COMPLAINT IN PART, AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

On February 6, 2020, Plaintiff Maurice Glover filed a complaint against Defendants Lee A. Thompson, Megan J. Brennan, and the United States Postal Service. ECF No. 1. Both Defendants Thompson and Brennan are U.S. Postal Service employees. The complaint was referred to Magistrate Judge Morris who described Plaintiff's complaint as follows:

> Plaintiff is a prisoner at the Carson City Correctional Facility. (ECF No. 1, PageID.2.) Presently, he is seeking to overturn a state court criminal conviction. (*Id.*) As part of that process, he attempted to send "sensitive legal documents" consisting of his motion for reconsideration to the state court and the prosecutor. (*Id.*, PageID.2, 6.)
>
> His misfortune, he claims, was trusting Defendant United States Postal Services with this important delivery. (*Id.*, PageID.3-4.) Postal employees, he explains, need "strong, enduring, deep devotion" manifested through alertness and careful thinking if they are to carry out their duties and "to resist moral decay and survive against external aggression" and maintain the "good moral standards and values[] the U.S. Postal Service prides itself on." (*Id.*, PageID.4-5.) This is especially true, he observes, in his case, which involved clearly marked legal documents being sent to a court. (*Id.*, PageID.5.)
>
> Unfortunately, Defendants "failed to and/or neglected to maintain good moral standard and values" when it came to his mailings. (*Id.*) According to his allegations and a letter he attaches to the complaint, because his mail was damaged in transit,

> it was shunted to a Recovery Center in Atlanta where it was deemed to be worth less than $25 and destroyed; had it been worth more than that amount, Plaintiff would have been notified and had 90 days to recover his items. (*Id.*, PageID.6-8, 13.) Defendant Lee Thompson, the District Manager at the Detroit Postal branch, wrote Plaintiff a letter explaining this unfortunate state of affairs (except without mention of whether Plaintiff was notified before the destruction of his mail) and hoped the state court would give him extra time to resend his filings. (*Id.*, PageID.13.) Also attached is an earlier letter from the state court noting that it had never received his motion, an opinion had issued, and the case had concluded in the intermediate appellate court. (*Id.*, PageID.15.)
>
> The complaint names the Postal Service, Brennan, and Thompson; the latter two are sued in their individual and official capacities. (*Id.*, PageID.3.) Although the precise claims Plaintiff seeks to assert are unclear, his complaint features various legal terms and concepts, including negligence, "material breach of contract/ of public trust," "unfair discrimination practices" in violation of the Postal Service's policy, the First Amendment, due process, and equal protection. (*Id.*, PageID.1-2, 5-6.)

ECF No. 8 at PageID.35–37.

Judge Morris recommended that Plaintiff's tort claims against Defendant U.S. Postal Service be dismissed because "the claim is barred by the Postal Service's immunity under [28 U.S.C. ] § 2680(b)." *Id.* at PageID.38 ("[C]ourts hold that tort claims concerning lost or destroyed mail, including that sent by prisoners, are barred by sovereign immunity."). However, she recommended that the Court allow the tort claim to proceed against Thompson and Brennan. Her report provides:

> Because the case is at the screening stage, the Attorney General has not certified under 28 U.S.C. § 2679(d)(1) that Thompson and Brennan were acting within the scope of their employment, such that the United States would be substituted as the proper party defendant. *Cf. Winkelman v. Doe*, 2007 WL 1805592, at *3-4 (E.D. Ky. June 22, 2007) (noting that the immunity retained by the United States imperiled claims against Postal Service employees, but declining to dismiss the claims until the Attorney General submitted the certification). After any such certification, the grounds for dismissal would be clearer.

*Id.* at PageID.39.

Judge Morris further recommended that the remainder of Plaintiff's claims be dismissed. She reasoned that the claim for breach of contract should be dismissed because Plaintiff "fail[ed] to develop this claim in the body of his complaint." *Id.* Regarding Plaintiff's claim of First Amendment violation, she determined that the destruction of Plaintiff's mail was "not an unreasonable restriction on Plaintiff's speech" because the policy was content neutral, served a compelling interest, and Plaintiff had "ample alternative channels" that he could have pursued. *Id.* at PageID.41. Lastly, she concluded that Plaintiff had failed to state an equal protection claim because he does fall within a protected class and did not allege that he had been treated differently from others similarly situated. *Id.* at PageID.42.

**I.**

Plaintiff has now filed five objections to Judge Morris' report. Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those

portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## II.

In his first objection, Plaintiff argues that he "disagrees with the courts [sic] report and recommendation that the Postal Service enjoys federal sovereign immunity absent a waiver." ECF No. 9 at PageID.45. He supports this contention with his own thoughts about the Constitution and state sovereignty. However, he provides no legal authority rebutting Judge Morris' conclusion that the Postal Service enjoys sovereign immunity. Her conclusion is supported by the Supreme Court when it held, "[T]he Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006). Plaintiff's first objection will be overruled.

In his second objection, Plaintiff argues that Judge Morris erred when she found that he failed to adequately plead his claim of material breach of contract and breach of public trust. ECF No. 9 at PageID.47. He makes a similar argument in his fifth objection, claiming that Judge Morris erred when she dismissed his claim of breach of contract. *Id.* at PageID.50.

Plaintiff claims that "there is little need for detail in the pleadings" and that "there is little sense in spending time and money skirmishing over them." *Id.* To the contrary, a pleading does require detail and plaintiffs are encouraged to be thoughtful in drafting their pleadings. The pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

Plaintiff's second objection will be overruled. As explained by Judge Morris, Plaintiff did not "expressly assert the existence of a contract with Defendants" nor did he "reference…any associated legal doctrine or rule providing him a private cause of action" for breach of public trust. ECF No. 8 at PageID.39–40. Such omissions in Plaintiff's pleading are fatal to his complaint.

In his third objection, Plaintiff contends that Judge Morris erred when she recommended dismissal of his claim that Defendants violated his First Amendment rights. He argues that contrary to Judge Morris' conclusion, no "alternative mailing options" exist for inmates. ECF No. 9 at PageID.47–48. However, Plaintiff's filings in this case have all been delivered by the U.S. Postal Service, demonstrating that mail is still a feasible method of correspondence with the court system. Additionally, Plaintiff does not address the rest of Judge Morris' finding, specifically that the Post Office's mail destruction policy was content neutral and served a compelling interest. ECF No. 8 at PageID.41. Plaintiff's third objection will be overruled.

In his fourth objection, Plaintiff argues that the Postal Service had a duty to warn individuals about its policy of destroying damaged mail that is worth less than $25. ECF No. 9 at PageID.48. He cites to various federal statutes and claims that they demonstrate that "[d]amaged mail practice constitutes a waiver of Sovereign Immunity status." *Id.* Plaintiff is incorrect. As

explained by the Supreme Court, "We think it more likely that Congress intended to retain immunity…for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 489 (2006). Plaintiff's claim falls within this retention of immunity. His fourth objection will be overruled.

### III.

Plaintiff has also filed a motion for appointment of counsel. Plaintiff is not a criminal defendant, but a civil plaintiff, and thus has no constitutional right to appointed counsel. Proceedings in forma pauperis are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). The Court of Appeals for the Sixth Circuit has held that "The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004). Plaintiff's motion will be denied because no such circumstances exist here.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's objections are **OVERRULED**. ECF No. 9.

It is further **ORDERED** that Judge Morris' Report and Recommendation, ECF No. 8, is **ADOPTED**.

It is further **ORDERED** that the tort claim against Defendant United States Postal Service is **DISMISSED**.

It is further **ORDERED** that the breach of contract and public trust, Due Process first Amendment, and Equal Protection claims against all Defendants are **DISMISSED**. The surviving

claims are the Due Process claim against all Defendants and the tort claim against Defendants Thompson and Brennan.

It is further **ORDERED** that Plaintiff's motion for appointment of counsel, ECF No. 10, is **DENIED**.

Dated: August 7, 2020                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Maurice Glover** #981810, CARSON CITY CORRECTIONAL FACILITY, 10274 BOYER ROAD, CARSON CITY, MI 48811 by first class U.S. mail on August 7, 2020.

                                         s/Kelly Winslow
                                         KELLY WINSLOW, Case Manager