UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAURICE GLOVER,

    *Plaintiff*,

v.

LEE A. THOMPSON,
UNITED STATES POSTAL SERVICE,
MEGAN J. BRENNAN, and UNITED
STATES,[1]

    *Defendants*.

_____/

CASE NO. 20-10313
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 27)

**I.**    **Recommendation**

For the reasons stated below, I recommend **GRANTING** Defendants' motion to dismiss and dismissing the case in its entirety. A previous Report and Recommendation (R&R) was adopted such that the only claims that remain are the Due Process claim against all Defendants and the tort claim against Defendants Brennan and Thompson. (ECF Nos. 8, 11.) As noted below, The United States has been substituted for the other Defendants; thus, the United States is the sole Defendant.

---

[1] Although the docket indicates that all the Defendants remain in this action, the United States has been substituted for the individual Defendants and is the sole Defendant since the Attorney General has certified that the individual Defendants were acting within the scope of office or employment at the time of the incident that gave rise to this action. (ECF No. 25.)

## II. Report

### A. Brief Factual Background

As noted in the previous R&R, Plaintiff is a prisoner at the Carson City Correctional Facility. (ECF No. 1, PageID.2.) Presently, he is seeking to overturn a state court criminal conviction. (*Id.*) As part of that process, he attempted to send "sensitive legal documents" consisting of his motion for reconsideration to the state court and the prosecutor. (*Id.* at PageID.2, 6.)

His misfortune, he claims, was trusting the United States Postal Services with this important delivery. (*Id.* at PageID.3-4.) Postal employees, he explains, need "strong, enduring, deep devotion" manifested through alertness and careful thinking if they are to carry out their duties and "to resist moral decay and survive against external aggression" and maintain the "good moral standards and values[] the U.S. Postal Service prides itself on." (*Id.* at PageID.4-5.) This is especially true, he observes, in his case, which involved clearly marked legal documents being sent to a court. (*Id.* at PageID.5.)

Unfortunately, the parties named by Plaintiff allegedly "failed to and/or neglected to maintain good moral standard and values" when it came to his mailings. (*Id.*) According to his allegations and a letter he attaches to the complaint, because his mail was damaged in transit, it was shunted to a Recovery Center in Atlanta where it was deemed to be worth less than $25 and destroyed; had it been worth more than that amount, Plaintiff would have been notified and had 90 days to recover his items. (*Id.* at PageID.6-8, 13.) Lee Thompson, the District Manager at the Detroit Postal branch, wrote Plaintiff a letter explaining this

unfortunate state of affairs (except without mention of whether Plaintiff was notified before the destruction of his mail) and hoped the state court would give him extra time to resend his filings. (*Id.* at PageID.13.) Also attached is an earlier letter from the state court noting that it had never received his motion, an opinion had issued, and the case had concluded in the intermediate appellate court. (*Id.* at PageID.15.)

Defendant filed the instant motion to dismiss (ECF No. 27), Plaintiff responded (ECF No. 30), Defendant replied (ECF No. 31), and Plaintiff filed a sur-reply. (ECF No. 32.) The arguments contained in all the briefs have been considered and the motion is ready for resolution.

    **B.**    **Analysis**

        **1.**    **Motion to Dismiss Standards**

Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1) and (6). Under Rule 12(b)(1) a defendant may move to dismiss a complaint on the grounds that the district court lacks subject matter jurisdiction. Where subject matter jurisdiction is challenged under Rule 12(b)(1), it is the plaintiff's burden to prove that the district court has jurisdiction. *See id.* The court will accept the complaint's factual allegations as true insofar as the defendant facially challenges the "sufficiency of the pleading" itself. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). However, the complaint's factual allegations are not presumptively true where there is a factual controversy. Instead, the court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." Here, Defendants facially challenge this Court's jurisdiction to hear counts one through fourteen because there are no material

factual disputes which would affect subject matter jurisdiction.

Under Rule 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

Because Plaintiff filed his complaint *pro se*, his pleadings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

2. **Application and analysis**

    A. **FTCA claim**

Defendant first notes that Plaintiff submitted a letter to the Postal Service on or about November 30, 2019 (around two months before filing the instant lawsuit) that the Postal Service construed as a Form SF-95: Claim of Damage, Injury or Death. (ECF No.

27, PageID.115-116, 134-139.) The Postal Service "denied the claim because 28 U.S.C. § 2680(b) excludes from the FTCA's waiver of sovereign immunity 'any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.'" (ECF No. 27, PageID.116.)

"[T]he Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006). The FTCA provision quoted above provides such a waiver. *Id.* However, this waiver does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(a). "As a consequence, the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *Dolan*, 546 U.S. at 485. Thus, courts hold that tort claims concerning lost or destroyed mail, including that sent by prisoners, are barred by sovereign immunity. *See, e.g.*, *Parafina*, 2012 WL 3030165, at *5.

Plaintiff's tort claim against Defendant must fail. (ECF No. 1, PageID.1, 5.) Assuming that the FTCA waiver of immunity would otherwise apply, the claim falls within the exception to that waiver because his claim centers on the loss of postal matter. This is true even though he contends that the Postal Service purposefully disposed of his damaged mail. *See generally*, *Dolan*, 546 U.S. at 489 ("We think it more likely that Congress intended to retain immunity . . . for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in a damaged condition, or at the wrong address."); *cf. Levasseur v. U.S. Postal Serv.*, 543 F.3d 23, 24 (1st Cir. 2008) ("[M]ail that is stolen by a postal employee is thereby 'lost' from the postal system" for purposes of § 2680(b).). Thus, the claim is barred by immunity under § 2680(b).

Defendant further argues that even if the tort claim was not barred by the postal matter exception to the FTCA's waiver of sovereign immunity, Plaintiff's claim should be dismissed because he failed to exhaust administrative remedies. Although Defendant acknowledges that Plaintiff sent a letter that the Postal Service construed as a Form SF-95: Claim of Damage, Injury or Death (ECF No. 27, PageID.115-116, 134-139), Defendant contends that since the claim was not denied until May 15, 2020, the claim was not properly exhausted before Plaintiff filed the instant lawsuit on February 6, 2020. (ECF No. 27, PageID.122.) First, any dismissal for failure to exhaust would be without prejudice. *Powers v. United States*, 2019 WL 1424331, at *3 (E.D. Mich. Mar. 29, 2019). In addition, since Plaintiff has now exhausted his administrative remedy, it would be futile to dismiss the case. This is not an instance where it would be improper to retain jurisdiction while Plaintiff presents his administrative claim; however, there is authority to support Defendant's argument that even where a claim is exhausted after the filing of a lawsuit, dismissal for failure to exhaust is appropriate because the statute requires that Plaintiff not "institute" a federal court action until after the formal denial of the administrative claim. *See McNeil v. United States*, 508 U.S. 106, 112 (1993).

I recommend the court dismiss the action with prejudice based on the claim being barred by immunity under § 2680(b). But I also note that the claim could be dismissed for failure to exhaust under § 2675(a).

### B. Due Process Claim

Defendant contends that Plaintiff's due process claim is difficult to discern but that if it is based on destruction of his mail or Defendant's failure to deliver the mail, the claim

must be dismissed for the same reasons stated above, the exception to the waiver of sovereign immunity under §2680(b) and the *Dolan* case. (ECF No. 27, PageID.123.) I suggest Defendant is correct.

On the other hand, if Plaintiff's due process claim is based on a challenge to Defendant's policy or practice that resulted in Plaintiff's mail being routed to the Mail Recovery Center in Atlanta and ultimately discarded, Defendant argues that such a claim would be barred by the Postal Reorganization Act of 1971 (PRA), 39 U.S.C. § 1001, *et seq.*, which gives exclusive jurisdiction for such claims to the Postal Regulatory Commission, citing 39 U.S.C. § 3662 and *LeMay v. United States Postal Serv.*, 450 F.3d 797, 801 (8th Cir. 2006). (ECF No. 27, PageID.123-124.)

Plaintiff's response sheds little light on which specific action is asserted as the basis for his claim. Plaintiff appears to focus on the deprivation of property that occurred by the destruction of his mail but also complains that the failure to notify him that his mail would be destroyed violated his due process rights. (ECF No. 30, PageID.145.) However, as noted by Defendant, Plaintiff also stated that he "now understands that his claim is to be handled by the postal administration." (ECF No. 30, PageID.145, cited by Defendant at ECF No. 31, PageID.149.)

The Postal Reform Act of 1970 ("PRA") created the USPS as "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. §201. The PRA permitted suit to be brought against USPS and granted the United States district courts "original but not exclusive jurisdiction" over such actions. 39 U.S.C. §401, 409. The PRA also established the Postal Rate Commission to hear all claims contesting

postal rates and services. The Postal Rate Commission was created as way to give USPS "unfettered authority and freedom ... to maintain and operate an efficient service." Sen. Rep. No. 912, 91st Cong., 2d Sess. 2 (1970). The Postal Rate Commission's jurisdiction was established in 39 U.S.C. § 3662 "Rate and Service Complaints." Originally, the Section read:

> [I]nterested parties who believe the Postal Service is charging rates which do not conform to the policies set out in this title or who believe that they are not receiving postal service in accordance with the policies of this title may lodge a complaint with the Postal Rate Commission in such form and in such manner as it may prescribe.

39 U.S.C. § 3662 (repealed 2006). Under this former version, courts routinely held that this section delegated jurisdiction exclusively to the Postal Rate Commission for claims involving rates or services, even though it contained the word "may" and was permissive on its face. *See LeMay v. U.S. Postal Serv.,* 450 F.3d 797, 800 (8th Cir. 2006)("After undertaking a review of the PRA's legislative history, we hold the remedy provided by Section 3662 is exclusive.").

In 2006, Congress passed the Postal Accountability and Enhancement Act ("PAEA"), which expanded the power of the Postal Rate Commission and renamed it the "Postal Regulatory Commission." *See* 151 Cong. Rec. 3013 (2005). Section 3662's reach was expanded "to ensure that the Postal Service management ha[d] both greater latitude and stronger oversight." 151 Cong. Rec. 3013 (2005) (statement of Sen. Susan Collins). Therefore, it would appear the more recent Act would adhere to the tenet that the remedy provided in Section 3662 is exclusive.

Section 3662 provides that an "interested person" "may lodge a complaint" with the PRC and grants the PRC jurisdiction over claims arising out of five specific sections of the PAEA that broadly address the duties and limitations of the postal service. *See* 39 U.S.C. §101(d) (duty to apportion postal rates on a fair and equitable basis); 39 U.S.C. § 401(2) (duty to create rules and regulations to effectuate the PAEA); 39 U.S.C. § 403(c) (prohibition against unreasonable discrimination amongst mail users); 39 U.S.C. § 404a (prohibition against acts of unfair competition); and 39 U.S.C. § 601 (requirements for mail service). Although it is unclear exactly which section Plaintiff's claim regarding how his package was treated and how he was not notified before it was destroyed, it would appear that his claim would fall under either section 401(2), 403(c) or 601.

Because Plaintiff has not filed a claim with the PRC, his claim under any of the potentially relevant sections of the PAEA must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Pep-Wku, LLC v. United States Postal Serv.*, 2020 WL 2090514, at *2 (W.D. Ky. Apr. 30, 2020) (citing the "plethora of authority holding that this Court lacks jurisdiction over the subject matter of Plaintiff's Complaint regarding the adequacy of service by the USPS"). It should be noted that if Plaintiff had pursued a claim with the PRC and sought to appeal the decision of the PRC, jurisdiction would still not lie with this Court but rather with the United States Court of Appeals for the District of Columbia. 39 U.S.C. § 3663.

Finally, as argued by Defendant, even if this Court could take jurisdiction over the due process claim, it is not cognizable because loss of mail does not rise to the level of a

constitutional violation. *Jost v. United States Postal Serv.*, 412 F. App'x 957, 958 (9th Cir. 2011).

### C. Conclusion

For the reasons above, I **RECOMMEND GRANTING DEFENDANT'S MOTION TO DISMISS,** (ECF No. 27), and dismissing the case in its entirety.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file

a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 11, 2022               S/ PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge