UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAURICE L. GLOVER,

        Plaintiff,                Case No. 1:20-cv-10313

v.                                      Honorable Thomas L. Ludington
                                          United States District Judge

UNITED STATES OF AMERICA, *et al.*,

                                              Honorable Patricia T. Morris
        Defendants.                United States Magistrate Judge
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND (3) GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is before this Court on Plaintiff's objections to Magistrate Judge Patricia T. Morris's report and recommendation ("R&R") to grant Defendants' Motion to Dismiss. ECF No. 36. For the reasons stated hereafter, Plaintiff's objections will be overruled, Judge Morris's recommendation will be adopted, Defendant's Motion to Dismiss will be granted, and the case will be dismissed.

**I.**

Plaintiff Maurice L. Glover is a Michigan prisoner serving a 20 to 40 years for conspiring to commit armed robbery. In April 2018, Plaintiff sent "sensitive legal documents" to the Michigan Court of Appeals to overturn his conviction. ECF No. 1 at PageID.6. Unfortunately, the documents never reached their destination. Damaged in transit, the documents were rerouted to a United States Postal Service recovery center and eventually destroyed. *Id.* at PageID.13.

In February 2020, Plaintiff brought this *pro se* action against the USPS and two postal employees, claiming that their damaged-mail policy caused him to "miss[] an important deadline"

in his state-court action. *Id.* at PageID.6. Although Plaintiff's Complaint is difficult to parse, Judge Morris construed it to raise several constitutional and state-law claims. *See Glover v. Thompson*, No. 20-10313, 2020 WL 6390502, at *2–5 (E.D. Mich. Mar. 24, 2020). Based on Judge Morris's recommendation, all Plaintiff's claims were dismissed except for (1) a due-process claim against all Defendants and (2) a tort claim against the two named postal employees. *See Glover v. Thompson*, No. 20-10313, 2020 WL 4558866, at *4 (E.D. Mich. Aug. 7, 2020).

Defendants have since filed a motion to dismiss Plaintiff's remaining claims. ECF No. 27. They argue this Court lacks jurisdiction over Plaintiff's remaining claims due to sovereign immunity and various federal statutes, and that Plaintiff's due-process claim is non-cognizable. *Id.* at PageID.117–27. Judge Morris agrees with Defendants' reasoning and has issued a recommendation to grant their Motion to Dismiss. ECF No. 33. Plaintiff objects to that recommendation. ECF No. 36.

Having reviewed the parties' briefing, this Court finds that a hearing is unnecessary and will proceed to address Plaintiff's objections on the papers. *See* E.D. Mich. LR 7.1(f)(2).

## II.

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's R&R. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). And they cannot "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After

reviewing the evidence, this Court may accept, reject, or modify the magistrate judge's findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

### III.

Plaintiff's objections do not identify any error in Judge Morris's R&R. Instead, they attempt to clarify the legal nature of Plaintiff's due-process claim. *See* ECF No. 36 at PageID.173 ("Plaintiff wants to clarify that his Due Process Claim simply arises out of Defendant's failure to notify him that his mail was received damaged and couldn't be mailed to its destination.").

Because Plaintiff has not properly objected to any portion of the R&R, this Court need not review any part of it *de novo*. *See* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly *objected* to." (emphasis added)); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995))).

But even if this Court were to review the R&R *de novo*, it would still grant Defendants' Motion to Dismiss. Plaintiff's only remaining claims are (1) a due-process claim against all Defendants and (2) a tort claim against the two postal employees, presumably brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). *See Glover v. Thompson*, No. 20-10313, 2020 WL 4558866, at *4 (E.D. Mich. Aug. 7, 2020). Yet, as Defendants note, the USPS is immune under the FTCA from "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(a); *see also Parafina v. USPS*, No. 10-14894, 2012 WL 3030165, at *5 (E.D. Mich. July 24, 2012) (dismissing FTCA suit for non-delivery of mail as barred by § 2680(a)). Every court to consider the issue has held that the loss of mail "does not rise

- 4 -

to a constitutional violation" *Jost v. USPS*, 412 F. App'x 957, 958 (9th Cir. 2011) (unpublished) (mem.); *Williams v. USPS*, No. 17-CV-782-BBC, 2018 WL 2899711, at *4 (W.D. Wis. June 11, 2018). Therefore, Plaintiff's remaining claims—and therefore his complaint—must be dismissed as a matter of law.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 36, are **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 33, is **ADOPTED**.

Further, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 27, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.


Dated: July 12, 2022                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge